UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | |
| **GREGORY MUMPHREY** | **NO.: 12-00072-BAJ-EWD** |

## RULING AND ORDER

Before the Court is the **Motion to Vacate (Doc. 30)** and the **Amended Issue to Petitioner's Motion to Vacate (sic) (Doc. 40)** filed by Petitioner Gregory Mumphrey. Petitioner requests that the Court vacate his sentence in light of *Johnson v. United States*, 576 U.S. ——, 135 S.Ct. 2551 (2015). In *Johnson*, the Supreme Court held that the Armed Career Criminal Act's ("ACCA") residual clause is unconstitutionally vague. For the following reasons, the **Motion to Vacate (Doc. 30)** and the **Amended Issue to Petitioner's Motion to Vacate (Doc. 40)** are **DENIED.**

**I.   BACKGROUND**

On July 6, 2012, Petitioner pled guilty to possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1). (Docs. 11 and 19). On November 1, 2012, the Court sentenced Petitioner to a 180 month term of imprisonment. (Doc. 28 at p. 2). On November 6, 2015, Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255, in which he argues that the Court should vacate his sentence in light of *Johnson*. (Doc. 30). Then, on August 4, 2016, Petitioner filed a Motion requesting that the Court

1

enter a judgment on his Motion to Vacate. (Doc. 33). On August 22, 2017, Petitioner filed an Amended Issue to his Motion to Vacate (Doc. 40), in which he argues that the Court should vacate his sentence in light of the Supreme Court's decision in *United States v. Mathis*, 579 U.S. ––––, 136 S.Ct. 2243 (2016). On September 11, 2017, the Court ordered the United States to respond to Petitioner's motions. (Doc. 41). Thereafter, the United States filed a response. (Doc. 46).

## II. LEGAL STANDARD

Section 2255 provides that a federal prisoner serving a court-imposed sentence may move the court to vacate, set aside or correct his sentence. 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a Section 2255 motion. The statute identifies four grounds on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.*

## III. DISCUSSION

The ACCA prohibits convicted felons from possessing firearms. 18 U.S.C. § 922(g). This crime ordinarily carries a maximum sentence of ten years. *Id* §924(a)(2). But if the defendant has three previous convictions for a "violent felony," then the ACCA elevates the statutory sentencing range to a minimum of fifteen years and maximum of life. *Id.* § 924(e)(1).

The ACCA defines "violent felony" in three ways:

- The elements clause defines a violent felony as a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 924(e)(2)(B)(i).

- The enumerated clause provides that a violent felony includes "burglary, arson, or extortion, [or a crime that] involves use of explosives[.]" *Id.* § 924(e)(2)(B)(ii).

- The residual clause defines a violent felony as a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.*

In 2015, the Supreme Court held that the residual clause is unconstitutionally vague and therefore "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Johnson*, 135 S.Ct. at 2563. *Johnson*, however, did not call into question the elements clause or the enumerated clause of the ACCA. *Id.* at 2563. In *Welch v. United States*, 576 U.S. ——, 165 S.Ct. 1257, 1268 (2016), the Supreme Court also held that *Johnson* applies retroactively on collateral review.

Petitioner argues that the Court should vacate his sentence because he was sentenced under the residual clause of the ACCA. (Doc. 30-2 at p. 3-6). The government argues that *Johnson* is inapplicable because the Court sentenced Petitioner under the enumerated clause of the ACCA. (Doc. 46 at p. 4). At sentencing, the Court indicated that it was sentencing Petitioner under the ACCA because "he has been convicted of three serious felonies, that is, simple burglary of an inhabited dwelling." (Doc. 27 at p. 4). The presentence investigation report, to which Petitioner did not object at sentencing, (Doc. 25), reflects that Petitioner has three prior

3

convictions for burglary of an inhabited dwelling in violation of La. R.S. 14:62.2. (Doc. 22 at p. 8-9).

In determining whether a particular conviction constitutes the enumerated offense of "burglary" for purposes of the ACCA, a court must compare the elements of the offense of conviction to the "generic, contemporary meaning of burglary[.]" *Taylor v. United States*, 495 U.S. 575, 598 (1990). In determining the generic, contemporary meaning of the crime of "burglary," the Supreme Court "conclude[d] that a person has been convicted of burglary . . . if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id.* at 599.

Louisiana defines the offense of simple burglary of an inhabited dwelling as "the unauthorized entry of any inhabited dwelling, house, apartment or other structure used in whole or in part as a home or place of abode by a person or persons with the intent to commit a felony or any theft therein[.]" La. R.S. 62:2. Louisiana's simple burglary of an inhabited dwelling offense thus reflects the generic contemporary meaning of burglary because it has as its basic elements: (1) the unauthorized entry; (2) into a building or structure; (3) with the intent to commit a crime. It therefore, qualifies as a violent felony under the enumerated clause of the ACCA. *See also United States v. Melancon*, No. 13-CR-132, 2016 WL 5661769, at *1 (M.D. La. Sept. 29, 2016) (concluding that the Louisiana crime of simple burglary of an inhabited dwelling is a violent felony under the enumerated clause of the ACCA). The Court therefore enhanced Petitioner's sentence under the ACCA's enumerated

4

clause, and not the residual clause. Thus, Petitioner is not entitled to *Johnson* relief because *Johnson* invalidated only the residual clause of the ACCA.

Petitioner also argues that his sentence should be vacated in light of *Mathis v. United States*, 136 S.Ct. 2243 (2016). In *Mathis*, the Court held that courts may not consider whether a defendant's conduct falls within the generic definition of a crime, but rather that it must consider whether the elements of a crime are the same, or narrower than the generic offense of conviction. Petitioner asserts that *Mathis* instructs that his prior convictions no longer qualify as violent felonies because the crime of simple burglary of an inhabited dwelling is broader than the generic burglary definition. However, the Supreme Court decided *Mathis* several years after the Court sentenced Petitioner, and the United States Court of Appeals for the Fifth Circuit has indicated that *Mathis* is not retroactive to cases on collateral review because *Mathis* did not set forth a new rule of constitutional law. *See In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016); *see also Milan v. United States*, No. 39-CR-95, 2017 WL 535599 (N.D. Tex. Jan. 18, 2017). Even if *Mathis* applied retroactively, it would not alter the Court's analysis here because, as the Court already noted, simple burglary of an inhabited dwelling reflects the generic meaning of burglary. Petitioner's motions to vacate are denied.

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion to Vacate Under 28 U.S.C. §2255 (Doc. 30)** is **DENIED.**

5

IT IS FURTHER ORDERED that the **Motion to Request Judgment Regarding Motion to Vacate Under 28 U.S.C. §2255 (Doc. 33)** is DENIED AS MOOT.

IT IS FURTHER ORDERED that the **Motion for Rebecca L. Hudsmith to Withdraw (Doc. 39)** is GRANTED.

IT IS FURTHER ORDERED that the **Amended Issue to Petitioners' Motion to Vacate (Doc. 40)** is DENIED.

Baton Rouge, Louisiana, this 31st day of October, 2017.

_____
**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**